# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST J. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-159 |
| | ) | |
| OFFICER DEVIN O'NEIL, *et al.*,) | | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Ernest J. Graham has filed this 42 U.S.C. § 1983 action alleging that he was subjected to excessive force during his arrest. *See* doc. 1 at 5. The Court granted his request to proceed *in forma pauperis*. Doc. 3. He has returned the required forms. *See* docs. 4 & 5. Accordingly, the Court proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Graham is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## I.   Improper Defendants

In addition to naming the officers who allegedly used excessive force in effecting Graham's arrest, discussed below, his Complaint names several improper defendants. He names the Savannah Police Department and its "Strategic Investigative Unit," an administrative division of the Department. *See* doc. 1 at 1, 4. It is well-established that the Police Department is not an entity subject to suit. *See, e.g., McClendon v. Taylor*, 2022 WL 1143298, at *2 (S.D. Ga. Apr. 18, 2022) (dismissing claims against Savannah Police Department "because police departments are not entities subject to suit." (citing, *inter alia., Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)); *Nicholson v. Harrel*, 2019 WL 1782138, at *1 (S.D. Ga. Mar. 18, 2019) (Savannah Police Department is not an entity subject to suit). Since the Department itself

is not subject to suit, it follows that specific units within the Department are not either. *See Hyde v. Bowman*, 2021 WL 2019188, at *2 (S.D. Ga. May 20, 2021) ("If police and sheriff's departments are not subject to suit, 'task forces' organized under their auspices are even less subject to suit."), *adopted* 2021 WL 2673668 (S.D. Ga. Jun. 29, 2021).  Accordingly, any claim Graham asserts against the Savannah Police Department or Strategic Investigations Unit should be **DISMISSED**.

Graham also names Peter J. Iatrou as a defendant. *See* doc. 1 at 1. Although Iatrou is listed in the Complaint's caption, he is never mentioned again. *See generally id.*  The United States Supreme Court has explained that, although the pleading standard under the Federal Rules of Civil Procedure, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).  The Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Characterizations of a defendant's conduct as unlawful are " 'legal conclusion[s]' and, as such,

. . . not entitled to the assumption of truth." *Id.* at 680 (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)).  The lack of any factual allegations implicating Iatrou is fatal to any claim that Graham intended to assert.  Any claim against Iatrou should, therefore, be **DISMISSED**.

## II.    Prosecution-Related Relief

The Court must also address several of Graham's requests for relief.  As discussed below, Graham's Complaint requests a number of forms of relief, including monetary relief.  *See* doc. 1 at 6.  There are several requests that are clearly improper.  Graham first requests that the defendant officers "be investigate [sic] by a higher official of government . . . ."  Doc. 1 at 6.  He also requests "that [his] charges that was cause by this be drop and dismiss [sic]."  *Id.*  Any claim seeking the commencement of an investigation or interference with an ongoing state prosecution should be dismissed.

It is not entirely clear what Graham means by his request for an "investigation," but it suggests that he seeks to initiate some criminal or administrative disciplinary action against the defendant officers.  This Court has no authority to order a criminal prosecution, or similar investigation.  Private citizens are simply not permitted to initiate

criminal actions in federal court. *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."))); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive

and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

This Court is also not generally permitted to interfere in ongoing criminal prosecutions by state authorities. To the extent that Jackson asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal

6

proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").[1]

---

[1] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate release, § 1983 affords Graham no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

Accordingly, to the extent that Graham seeks to initiate an investigation or prosecution of any named defendants or asks this Court to interfere in an ongoing prosecution, his claims should be **DISMISSED**.

## III.   Excessive Force

The clear focus of Graham's Complaint is an allegation that several officers subjected him to excessive force during the course of his arrest. He alleges that on March 2, 2022, defendants Hinds, Gashi, and O'Neal fired gunshots into a car he was driving. *See* doc. 1 at 5. He does not allege that any of the shots struck him, but they caused him to "back into a tree." *Id.* Finally, he alleges that "they," presumably the three named officers "had [him] on the ground in cuffs it was one officer who came and sat on [his] head with his knee while another use his black hard night stick to push and poke [him] in the back of [his] head and neck . . . ." *Id.* Finally, he alleges that defendants Ward and Hunt "was there," acknowledged that the force used was inappropriate, but did not intervene. *Id.* Among requests for what appear to be injunctive and declaratory relief, Graham seeks "1.2 million," presumably dollars, "for [his] pain [and] suffering from bodily, mentally, emotionally, physically, and property damage [sic]." *Id.* at 6.

The Court construes Graham's Complaint as asserting a claim that the force used during his arrest was excessive.  The Fourth Amendment "encompasses the right to be free from excessive force during the course of a criminal apprehension." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019) (internal quotation marks and citation omitted).  "To establish a Fourth Amendment claim for excessive force, a plaintiff must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Id.* (internal quotation marks and citation omitted). Graham's allegation that officers shot at his car to effect his arrest is sufficient, for purposes of a § 1915A screening, to warrant service.  *Cf., e.g., Tennessee v. Garner,* 471 U.S. 1, 7 (1985) ("[T]here can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment.").  The analysis of whether the force was reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  While Graham's Complaint does not allege facts

sufficient to undertake that analysis, service on the defendants is appropriate as responsive pleadings will likely facilitate it.

Graham's claim that officers subjected him to excessive force by kneeling on his head and neck and striking him with a "night stick" after he was already subdued is also sufficient for service on the defendants. Courts have recognized that, at least under some circumstances, an officer deliberately forcing his or her knee into a subdued arrestee's back can constitute excessive force. *Cf. LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). As with the shooting, Graham's Complaint does not allege sufficient facts for even a cursory analysis of the reasonableness of the force in question. However, that analysis will likely be facilitated by defendants' responsive pleadings.

Graham's Complaint does not allege that either Ward or Hunt used any force against him. *See* doc. 1 at 5. The Eleventh Circuit has held, however, that "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Valazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (internal quotation marks and citation omitted). Graham's allegation that Hunt "said they [*i.e.*, the

other defendants] wasn't suppose to put the[ir] weight on [his] head [and] neck the way they did[,]" suggests that the officers who were present, even those who were not the unidentified officers responsible for kneeling on him and striking him with the "night stick," could be liable for failing to intervene.  Given the ambiguity of precisely which officer allegedly kneeled on Graham, the Court will permit service on the officers who he alleges were present at his arrest.

To be clear, the Court does not conclude that Graham has sufficiently pleaded any claim against defendants O'Neil, Hinds, Gashi, Ward, and Hunt.  However, his allegations are sufficient to warrant service of his Complaint upon those defendants.  Therefore, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order and Report and Recommendation shall be served upon defendants O'Neil, Hinds, Gashi, Ward, and Hunt by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## <u>INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all

12

discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## <u>INSTRUCTIONS TO PLAINTIFF</u>

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel,

the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. *Id.* Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  *See* Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will**

**authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.  Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

16

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING
## MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That

17

burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## IV.   Filing Fee

Finally, it is time for plaintiff to pay his filing fee.  Based on the financial information available, it appears that Graham owes a $42.48 initial partial filing fee.  *See* doc. 5 at 1; 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning

payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

## V.   Conclusion

In summary, the Court recommends that Graham's claims against the Savannah Police Department, Special Investigations Unit, and Defendant Iatrou be **DISMISSED**. The Court also recommends that Graham's claims should be **DISMISSED**, to the extent that they request initiation of a criminal investigation or prosecution or dismissal of any pending prosecution. Finally, the Court approves Graham's Complaint for service upon defendants O'Neil, Ward, Hinds, Gahsi, and Hunt.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 20th day of July, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA