UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST J. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-159 |
| | ) | |
| OFFICER DEVIN O'NEIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Gashi, Hinds, Hunt, O'Neil, and Ward have moved for summary judgment on *pro se* plaintiff Ernest J. Graham's 42 U.S.C. § 1983 excessive force claim. *See* doc. 23. Graham has responded, doc. 30, and Defendants have replied, doc. 32. The Court might, therefore, proceed to consider the merits of Defendants' Motion. However, Graham has filed nine motions while the Motion for Summary Judgment has been pending. Docs. 33, 34, 35, 38, 39, 41, 42, 44 & 46. Because, as explained below, given the charitable construction the Court must afford *pro se* pleadings, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they suggest that Graham may actually seek relief related to the summary

1

judgment motion, the Court must address them before it reaches the merits of the summary judgment motion.

Several of Graham's motions are easily resolved. Two of them seek a court order affording him additional time in the law library at Chatham County Detention Center. *See* docs. 33 & 38. As he is proceeding *pro se*, plaintiff has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343 (1996) (disclaiming language in *Bounds* suggesting "that the State must enable the prisoner . . . to *litigate effectively* once in court."); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017) (acknowledging prisoners' right to legal research material); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim."). The Court, however, cannot order that his access to privileges be increased beyond what the detention facility deems adequate, as such relief is beyond the scope of this lawsuit. Moreover, it is not clear that any of the defendants have any control over

Graham's access to the law library and, generally, the Court lacks authority over non-parties.[1] *See, e.g., Jackson v. Baisden*, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022). Finally, it appears that Graham has been released from the Chatham County Detention Center. *See* doc. 48. Since he is no longer incarcerated, any request for access to the Detention Center's law library is moot. *Cf. Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release rendered claim for injunctive relief moot). His motions for additional access to the law library at Chatham County Detention Center are, therefore, **DENIED**. Docs. 33 & 38.

Graham has also filed several motions that appear to misunderstand the current status of this case. First, he has requested a "bench trial," and a "hearing" which are, in fact, requests for a Court-facilitated mediation. *See* doc. 41 at 1 (seeing "[a] bench trial and to be brought in front of a judge to settle this matter."), doc. 42 at 1 (same). As Defendants point out, a request for a "bench trial . . . is premature," given their Motion for Summary Judgment. Doc. 43 at 1. They also assert that,

---

[1] Graham's motions do not explicitly seek injunctive relief, *see* docs. 33 & 38, nor does either even purport to comply with the procedural requirements for requesting preliminary injunctive relief, *see, e.g.,* Fed. R. Civ. P. 65. The Court, therefore, does not construe his motions as a request for a preliminary injunction.

3

to the extent Graham seeks a hearing on their summary judgment motion, no such hearing is necessary. *Id.* Since, as discussed below, the status of Graham's response to that Motion remains unclear, the Court agrees that no hearing is appropriate, at least at this time. To the extent, therefore, that Graham seeks a "bench trial" or a hearing on Defendants' summary judgment motion, those requests are **DENIED**. Docs. 41 & 42, in part. Graham has also requested a "pretrial conference," doc. 44, which Defendants also oppose as premature, doc. 45. As they are correct that such a conference is not warranted until their summary judgment motion is resolved, Graham's Motion is **DENIED**. Doc. 44. Finally, Graham requests a "status update," in which he suggests that he wishes to provide additional evidence, in the form of "audio video footage," which appears to be related to the summary-judgment related motions discussed below. Doc. 46. Since those issues are addressed below, and Graham will have an opportunity to respond to this Order, his request for a "status update" is **DISMISSED** as moot. Doc. 46.

      Defendants have not addressed Graham's apparent request for a mediation. However, since Graham appears to have been released, they are free to request a settlement conference, pursuant to the

undersigned's Standard Procedures for Discovery Disputes and Settlement Conferences, *available at* https://www.gasd.uscourts.gov/judge-ray-instructions-and-forms. Since Defendants do not indicate their consent to participate in such a conference, Graham's unilateral request is **DENIED**. Docs. 41 & 42, in part.

Finally, Graham has filed several ambiguous motions that the Court is concerned implicate his response to the Motion for Summary Judgment. In their reply brief, Defendants assert defects in Graham's response's reliance on body-worn camera video and photos. *See* doc. 32 at 2-3. Several days later, Graham filed a "Motion for Audio Video Footage." Doc. 34 at 1. That Motion appears to seek disclosure of additional body-worn camera video from several officers, including Defendants Ward, Gashi, and Hunt, and two other officers who are not defendants. *See id.* The next day, he filed a request for a subpoena directed to the Chief of the Savannah Police Department, requiring the production of additional videos. Doc. 35 at 2. Defendants point out that, construed as discovery requests, those motions are untimely. *See* doc. 37 at 2. Defendants also oppose the requests for subpoenas, *id.* at 2-3,

although it is not entirely clear that they have standing to oppose requests for subpoenas to other parties. Graham filed another motion several weeks later that appears to reiterate his requests for subpoenas. Doc. 39. Defendants filed a response that also reiterates their opposition to the prior motions. *See* doc. 40.

Defendants' responses to Graham's motions are facially meritorious. Discovery in this case has closed, *see* doc. 15, and the Court is skeptical, to say the least, that Graham is entitled to any subpoena. Although the motions lack merit as presented, they might—stretching the limits of charitable construction—hint at a request that is not facially meritless. The Federal Rules provide that the party opposing a summary judgment motion may be permitted time to "take discovery," under certain circumstances. Fed. R. Civ. P. 56(d)(2). However, that provision requires that the party opposing summary judgment "show[ ] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). None of Graham's motions are supported by affidavit or declaration nor do any of them provide "specific reasons" connecting the additional materials to his

opposition to the summary judgment motion. *See generally* docs. 34, 35 & 39.

Given the temporal proximity between Defendants' assertion that Graham had failed to adequately support his factual contentions in opposition to the summary judgment motion and the requests, notwithstanding their procedural insufficiency, the Court cannot be certain that they are meritless. It will, therefore, afford him an opportunity to clarify the grounds for his requests. To the extent that Graham seeks additional discovery, he must either expressly move to reopen the discovery period, *see* Fed. R. Civ. P. 16(b), or he must expressly, and properly, invoke the provisions of Rule 56(d). Graham is advised that, despite proceeding *pro se*, he is not excused from compliance with the Federal Rules of Civil Procedure. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").[2] For clarity, however, the Court is **not** providing Graham with an opportunity to supplement his response to the

---

[2] The Federal Rules of Civil Procedure are available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

pending summary judgment motion at this time. He is permitted **only** to clarify the basis of his motions seeking "audio video footage" and requesting subpoenas. Once Graham has clarified the basis for his requests, Defendants will have the opportunity to respond. Since Graham must clarify his requests, the current motions are **DISMISSED**. Docs. 34, 35 & 39.

In summary, Graham's requests for additional access to the law library at Chatham County Detention Center are **DENIED**. Docs. 33 & 38. His motions for a "bench trial," hearings, and a "pretrial conference," are **DENIED**. Docs. 41, 42, 44 & 46. His motions seeking additional body-worn camera footage, whether from Defendants or through a subpoena to third parties, are **DISMISSED**. Docs. 34, 35 & 39. Graham is **DIRECTED** to submit any discovery-related motion by no later than February 5, 2024. Further briefing on any motion he files should be filed as provided in this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 7.5-7.6.

**SO ORDERED,** this 23rd day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA